Huston, J.
On the 25th of October, 1814, Henry Good made his note to M. Munderbach, and Nicholas Lutz, for four thousand four hundred dollars, payable in sixty days at the Farmers’ Bank of Lancaster. Munderbach and Lutz indorsed the note, and marked it for the use of the drawer who received the money for it at the bank.
On the-27th of December, 1814, this note was protested, and on the 9th of January, 1815, suits were brought against Good, the maker of the note, and against Munderbach and Lutz, who had indorsed it.
On the 24th of Aprils 1815, judgment was obtained in both these suits.
*221 A fieri facias no. 9, of August, 1815, issued in the suit against Good, on which his lands were levied and condemned.
To November, a venditioni exponas issued, which was returned, c‘ Stayed by plaintiff.” A venditioni exponas against Lutz, at the suit of one Roland, had issued to this same November Term, on which the sheriff had exposed the lands of Good to sale, and one tract was struck down to Munderbach, for eight thousand three hundred dollars, and another to H. Landis and John Lutz, who .were indorsers on two other notes of Good, for four thousand nine hundred dollars. But it appeared that the persons to whom these lands were struck down, not having paid the money, the sheriff returned them unsold for want of buyers.
It also appeared, that on the 8th of November, 1814, Henry Good had another note for thirteen hundred and fifty dollars, indorsed by M. Munderbach, and John Lutz, discounted at the same bank, and on the 13th of December, 1814, Henry Good had another note for two thousand dollars, indorsed by Henry Landis and John Lutz, also discounted at the same bank.
On the 5th of December, 1815, the bank received a note for seven thousand seven hundred and fifty dollars, drawn by Martin Munderbach, and indorsed by Henry Landis and John Lutz, payable at sixty days. This note was for the afnount of the three, notes drawn by H. Good before mentioned — and on the back of the note first mentioned for four thousand-four hundred dollars, which remained with the bank, was written as follows, “ We do hereby acknowledge and agree, that the judgment obtained by the Farmers’ Bank of Lancaster on this note remain as a security for the note discounted this day for seven thousand seven hundred and fifty dollars : Witness our hands, 5th December, 1815, (signed) H. Good, M.. Munderbach, and John Lutz.”
On the 6th February, 1816, the note for seven thousand seven hundred and fifty dollars was renewed.
On the 9th April, 1816,it was renewed again, with the ñame of Nicholas Lutz as an additional indorser — This note was protested.
To April Term, 1817, a fieri facias, had issued on the judgment of the bank against M. Munderbach and Nicholas Lutz, on which the land of Munderbach was levied and condemned; and on a venditioni exponas to August, 1817, it was sold for five thousand and seventy dollars; which, with the sale of some lands of H Landis, and some of John Lutz, against whom the bank had proceeded, satisfied the whole of the demands of the bank.
It also appeared, that at November Term following, the land of Henry Good, was sold for above fiye thousand dollars, but at whose suit it did not appear. It also appeared that Munderbach, and Nicholas Lutz, when Good’s debt was raised and paid to the bank, had never applied to the bank to assign over to them its judgment against Good, and that thé bank had entered satisfaction on its judgment against Good.
*222 This suit was brought by M. Munderbach to recover from Nicholas Lutz, the oné half of the sum which the bank had levied from Munderbach, his co-indorser. Not one word of the evidence given at the trial of the cause, was before this court on the record returned, except the matters above stated. It appeared, however, from that part of the charge returned, that at least two witnesses had been examined on different points in the cause, and we have some intimation of what was testified by one — but although the other was examined on a point very material in the cause, — we have not his testimony, nor any thing from which it can be inferred, what it was.
A motion had been made at this term to this court, the object of which was to bring the evidence on the record ; to the decision and opinion on which I refer.
From the defective manner in which this cause is brought before this court, it is not easy to give a distinct view of what was contended for by the plaintiff in error, and it was not in every part of the case possible to know whether he had or had not cause of complaint.
There were five errors assigned in this' court.
The first error assigned is to the" charge of the court.
The judge, after stating the facts out of which the cause arose, told the jury, the plaintiff would be entitled to their verdict for one half of the money raised by the bank from the sale of the plaintiff’s property, with interest and half the costs, unless the circumstances and facts proved by the defendants would amount to a defence ; and concluded by saying, “ If the jury are of opinion from the testimony in the cause, adverting to the whole evidence, and particularly to the testimony of Peter Homan, that the interference of Munderbach, taking into consideration his whole conduct, prevented the bank from recovering its demand from Good, and threw the loss on the indorsers, he cannot recover from the defendant in this suit. If they thought differently, he could recover.”
This has not been much insisted on. It is possible that if all the facts proved were before us, we might think those facts, and what could fairly be inferred from them would not amount to a defence; but it is possible that facts were proved which would amount to a perfect defence. This court do not, and will not reverse except for error apparent — we must not suppose error — it must be shown to us — if we presume at all, it will be to support — ■ not to reverse a judgment.
The second error assigned is — There is error in the answer to the fourth original point of the plaintiff.
The first three points submitted to the court by the plaintiff are not before us — the counsel have stated what some of them were ; but they are not on our record' — -nor are the answers given to them before us — but we find on our record a proposition numbered as *223 the fourth, proposed by the plaintiff, as follows, “The plaintiff Is entitled to recover of the defendant the one half of the money levied by the sheriff from the sale of his property in satisfaction of the said note, with interest thereon from the day of the sale, the 31st of May, 1817, or the day of the writ returned.” To which the bourt answered, “ This is merely a repetition of the last, in other words, and the court answer, that the plaintiff may recover, if there is nothing in the defence set up by the defendant.”
The error alleged is, that the court did not answer in the vexy words of the proposition, and did not expressly state he could recover the principal and interest.
I see no error here — for it is a full answer to the proposition, and would be so understood. The fair construction is, considering it in relation to the proposition, that it admits the plaintiff’s right of recovery as claimed by him — very properly adding, “ if the j ury think there is nothing in the defence set up by the defendant.”
But the court tells us, it is a mere repetition of the third proposition in other words : — if so, and the answer to the third was coi-rect, I do not see that there would have been error in omitting to answer it altogether. The counsel says,-it was not a l’epetition of the third. Now he could have hadjjthe three first here. If the error in the fourth was only apparent, on comparing it with the prior one — it was necessary that the prior one should be before us.
The jury have found for the defendant generally. I do not see what error there could be in omitting to give a precise opinion as to interest, where no principal is found due. If the jury had found the principal sum for the plaintiff without interest, the omission to specify interest might have been of serious injury to the plaintiff. Under the circumstances apparent on this recoi-d, it can only be called an omission of what was immaterial.
But it is not omitted in the charge as returned; the court expressly say, Munclerbach is entitled to interest, unless the defence is sufficient. Thex-e is no ei'ror in this part of the cause.
The third error assigned has not been insisted on — it is nearly the same with the first, on which we have l'emarked already.
The fourth and fifth errors assigned, apply to the third and foui'th points proposed to the court by the defendant’s counsel, and ■differ only in this, that the fifth applies to the latter point, alleging the same error in it which the fourth had stated to the third point. The error alleged is this. The counsel for the defendant, had selected that part of the testimony on which his client i-elied, stated it no doubt, as strongly as it would bear, and requested the court to give in charge to the jury, that it was a full defence to the plaintiff’s claim. That the counsel of the one party, and of the othei', should state the facts of the cause as favourably to his client as he can; that he should draw his conclusions of law as strongly *224 on his own side as his ingenuity can make plausible, is no doubt an evil, but it is an old one, and I believe too inveterate to be corrected. The court, however, ought to state the evidence fairly to the jury, and to inform them, that of the facts they are to judge, and to instruct them what the law is, if facts are believed to be in one way, and what, if in the other. By our practice, a judge in his charge generally states the facts given in evidence, and the law applicable to the case, and leaves it to the jury to apply the law to the facts as they shall find them to be. In addition to this, the counsel on each side calls the attention of the court to certain propositions, calculated to promote the interest of their respective clients, and too frequently state the evidence, at least partially. It would be tedious in the extreme, for the judge to recur to the whole testimony, and repeat the whole of it in his answer to each of these propositions ; it is enough if he refers to it generally ; if he tells the jury the cause depends not on that portion of the testimony, stated in the points under discussion, but on the whole evidence in the cause. And it appears to me, this is precisely what the judge has done. The court say, “ this proposition is correct, and if the jury believe, the facts on which it is founded, as stated before in the charge, it is a bar to the plaintiff’s recovery in this suit.” The whole of a judge’s charge is to be taken into view. The point to which the attention had been called, was the same, which is the subject of the first error before mentioned. In the charge, the court had stated all the evidence, and had told the jury they must advert to the whole evidence. The court say the proposition is correct, and so it was if the premises were true ; but the court add, “■ and if the jury believe the facts on which it is founded,” &c. It seems to me there is no error in this, it cannot be seriously supposed this court will reverse, because a point fairly stated, is not stated as fully as it was possible to state it. But to the assignment of the fifth error, is added, “ that the last sentence of the defendant’s point, submitted to the court, is an abstract proposition not pertinent to the cause, and as stated, bad a tendency to mislead the jury.” It has been decided that if the court do not answer every point proposed to them, it is error, if the point not answered has any bearing on the cause trying. Our system as to this matter is not- yet old — perhaps not yet fully formed. It would seem to me not to have been the intention of the legislature to entangle the administration of justice in form. Most causes require only the application of one or two principles to the facts. Yet we often see points proposed in terrible array of a dozen, or a score, each of which, however, has some relation to that branch of the law, to which the case trying belongs. We have already required an answer to each, which has any bearing on the cause. It seems to me it would be going beyond our duty to reverse, because a judge had answered propositions which we may think ought to have been omitted — especially where the an *225 swer is correct. If the answer mistakes the law, there would seem to be more cause of complaint; but even this has been decided to be no error, where the point proposed has no application to the cause trying.
There were other matters discussed before us which do not appear in the list of errors assigned, and which do not appear to have been brought to the view of the Common Pleas, of which we only say, we cannot notice them. On the whole, there does not appear any cause for reversing the judgment of the court below, as the record comes before us ; and we must suppose the plaintiff in error has brought it up in as favourable a point of view as possible.
Judgment affirmed.